KEY *vs.* WALKER.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

The record of a suit between other parties, evicting the third possessor, is legal evidence in an action by the third possessor against his vendor, to prove the fact of eviction and the damage sustained by him in consequence thereof.

Where the petition alleges the plaintiff was evicted by a certain suit between two other persons, and refers to it by name and description, it is a sufficient allegation to authorise the admission of such record in evidence, in an action against the vendor for damages.

It is not necessary that the defendant, who is the vendor sued, had notice of a suit and proceedings evicting his vendee, to authorise the admission of those proceedings in evidence against him. That matter may go to the effect of the evidence, but not to its admissibility.

This is an action of warranty to recover damages of the defendant in consequence of eviction from a tract of forty superficial arpents of land.

The plaintiff purchased of the defendant by public act, dated the 1st of June, 1831, a tract of forty supercial arpents with warranty of title, and also all the defendant's *right of settlement* to the balance of one hundred and sixty arpents, for the sum of six hundred dollars in cash.

Shortly after this sale, Alexander Lewis obtained an order of seizure and sale, against the tract of forty arpents, on his mortgage against one Henry R. Nerson, from whom the defendant had purchased it, and had the land sold, by which the plaintiff was evicted.

He now brings his action of warranty to recover back the sum of six hundred dollars with interest, which he had paid to the defendant; and also, prayed for and obtained an attachment against four slaves belonging to the latter, on an

38

298                    CASES IN THE SUPREME COURT

allegation and affidavit, that the defendant was about to remove permanently from the state.

KEY
vs.
WALKER.

In his petition, the plaintiff alleges his eviction, and "that the land has been sold by Alexander Lewis, to satisfy his said mortgage, which will more fully appear, by reference to an act of seizure and sale, granted by the honorable judge of the District Court, *and on the files of said court*," &c.

The defendant, by written motion, moved to dissolve the attachment on the ground, that it was not true he was about to leave the state, &c.

On the merits, the defendant pleaded a general denial; admitted the sale of the land, but alleged that the consideration expressed therein, of six hundred dollars, was not for the forty arpents mentioned in the petition, but was for said forty arpents, and also, one hundred and sixty other arpents of land, adjoining the said forty arpents, and he only warranted the forty arpents, and sold to the plaintiff his right of settlement for the said one hundred and sixty arpents without warranty. He alleges that there were valuable improvements on the last tract, which were also included in said sale, and which were reasonably worth five hundred dollars. He denies that the plaintiff is entitled to recover any sum from him, by reason of his illegal and vexatious conduct in suing out his attachment, which he alleges was wrongfully sued out, and under false pretences, with a view to harrass defendant's property, &c.; and that by attaching and detaining four of his slaves, he has sustained damages to the amount of five hundred dollars, for which he claims judgment in reconvention, and prays that the plaintiff's demand be rejected, &c.

The motion to dissolve the attachment was sustained, and the cause referred to a jury for trial on the merits.

A witness for defendant by the name of Walker, declares on oath, that the plaintiff seized a negro woman and two children, and a negro boy, under his attachment, which were taken out of defendant's possession, in consequence of which he had to break up house-keeping, and sustained much loss in furniture and stock.

*Bendy*, a witness for plaintiff, swears defendant had but little furniture or stock. Heard defendant say he was going to move his cattle to Texas, and that he was going there himself. Witness was under the impression he intended to go.

On the trial, the plaintiff offered in evidence, " the record of an order of seizure and sale, and all the proceedings had thereon, of Alexander Lewis, against Henry R. Nerson, which his counsel declared he intended to prove thereby, and by other evidence, that the plaintiff had been evicted from the land purchased from the defendant, in consequence of a mortgage existing on it in favor of Lewis, at the time of the purchase, &c. The evidence was objected to, and the objection sustained, and a bill of exceptions taken to the decision of the court.

The jury returned a verdict, on hearing all the other evidence in favor of defendant's claim in reconvention, of thirty-eight dollars and sixty-one cents. Judgment being rendered thereon, the plaintiff appealed.

*Brownson* for the plaintiff.

*Lewis* for the defendant.

1. New trial was properly refused, because the case does not come within any of the rules established by the Code of Practice, art. 560.

2. There is no *legal* evidence of misconduct in the jury.

3. The jury had a right to make up their verdict as they did. 4 *Johnson's Reports*, 487.

*Mathews, J.*, delivered the opinion of the court.

This is an action of warranty, in which damages are claimed on account of an alleged eviction from a certain tract of land, sold by the defendant to the plaintiff, &c.

The suit was commenced by attachment. The defendant afterwards appeared and answered, and filed a plea in reconvention. The cause was submitted to a jury in the court below, who found a small sum in favor of the reconvenor, and judgment being thereon rendered, the plaintiff appealed.

The record of a suit between other parties, evicting the third possessor, is legal evidence in an action by the third possessor against his vendor, to prove the fact of eviction and the damage sustained by him in consequence thereof.

Where the petition alleges the plaintiff was evicted by a certain suit between two other persons, and refers to it by name and description, it is a sufficient allegation to authorise the admission of such record in evidence, in an action against the vendor for damages.

It is not necessary that the defendant, who is the vendor sued, had notice of a suit and proceedings evicting his vendee, to authorise the admission of those proceedings in evidence against him. That matter may go to the effect of the evidence, but not to its admissibility.

A bill of exceptions is found on the record to an opinion of the judge *a quo*, by which he rejected the record of a suit which was in the nature of an action of mortgage, brought by one Alexander Lewis against a certain Henry R. Nerson, on which an order of seizure and sale was obtained and executed, on a tract of land in the possession of the plaintiff as purchaser from the defendant, &c.

This evidence was rejected on several grounds : 1st. As being *res inter alios acta.* 2d. Because its introduction is not authorised by the allegations of the petition ; and, 3d. Because no knowledge of the proceeding was brought home to either plaintiff or defendant in the present suit.

We are of opinion that the court below erred, in rejecting the evidence offered. It is a record of proceedings in pursuance of which the property in the possession of the plaintiff, held under title from the defendant, was sold, and is certainly good and legal evidence to prove *rem ipsam ;* a fact clearly necessary to support the allegations in the petition. Whether it be conclusive to establish such an eviction as would authorise the present action of warranty on the part of the appellant, is a question different from that which relates to the legality or admissibility of the testimony offered. The petition, although, perhaps, not drawn up with the greatest possible precision and technicality, appears to us to have sufficient reference to the fact offered to be proven by the record adduced, to authorise its admission. Whether Walker, the defendant, had or had not knowledge of that proceeding, is a matter that may have its effect in a trial of the cause on its merits; but, according to the view which we have taken of the subject, cannot legally influence the question of admissibility.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and annulled, and the verdict of the jury set aside ; and it is further ordered, that the cause be remanded, with directions to said court to permit the record, &c. to be given in evidence. The appellee to pay the costs of this appeal.